UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARLENA MINTER, on behalf of her
SON, C.M. AND DEANNA CAVER, on
behalf of her son, T.C., Individually and
on behalf of all others similarly situated,

Case No. 10-cv-15018

Paul D. Borman
United States District Judge

      Plaintiffs,

v.

OLGA DAZZO, in her official capacity as Director
of the Michigan Department of Community Health,
and DONALD BERWICK, in his official capacity
as Administrator of the Centers for Medicare and
Medicaid Services,

      Defendants.
_____/

ORDER (1) SETTING HEARING DATE ON DEFENDANT DAZZO'S MOTION TO
DISMISS OR FOR SUMMARY JUDGMENT (DKT. NO. 16);
(2) ADJOURNING WITHOUT DATE THE HEARING ON PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION (DKT. NO. 11); AND
(3) DISMISSING AS MOOT DEFENDANT DAZZO'S MOTION TO EXTEND BRIEFING
SCHEDULE (DKT. NO. 18)

Plaintiffs filed their Complaint on December 16, 2010 and filed a motion for class certification on January 21, 2011. (Dkt. No. 11.) Defendant Dazzo filed a motion to dismiss the Complaint or for Summary Judgment on February 7, 20011. (Dkt. No. 16.)[1] The Court has noticed both motions to be heard on April 27, 2011. (Dkt. Nos. 13, 17.) Defendant Dazzo urges the Court, in her motion to extend the briefing schedule, to hear her dispositive motion before addressing the Plaintiffs' motion for class certification. (Dkt. NO. 18, ¶ 6.) The Court has concluded that it will

---

[1] The Court notes that as of the date of this Order, Defendant Berwick has not answered or otherwise responded to Plaintiffs' Complaint.

hear Defendant Dazzo's motion to dismiss or for summary judgment prior to ruling on Plaintiffs' motion for class certification. *See Coalition to Defend Affirmative Action v. Regents of the University of Michigan*, 539 F. Supp. 2d 960, 973-974 (E.D. Mich. 2008) ( noting that a district court "enjoys discretion in determining whether and when to certify a class" and may hear a motion to dismiss or for summary judgment, or other threshold issues, prior to ruling on class certification, recognizing that any ruling on such a motion binds only the class representatives). The Court will adjourn, without rescheduling at this time, the hearing on Plaintiffs' motion for class certification. The briefing schedules issued by the Court on January 25, 2011 and February 9, 2011, Dkt. Nos. 13 and 17 respectively, remain unaffected by this Order.

Accordingly, it is Ordered that:

(1) The hearing on Defendant Dazzo's Motion to Dismiss or for Summary Judgment (Dkt. No. 16), currently scheduled to be hear on April 27, 2011, will be adjourned to August 8, 2011 at 2:00 p.m;

(2) The hearing on Plaintiffs' motion for class certification (Dkt. No. 11), currently scheduled to be heard on April 27, 2011, will be adjourned without date;

(3) Defendant Dazzo's motion to extend briefing schedule (Dkt. No. 18) is dismissed as moot in light of the fact that Defendant Dazzo filed her response to the motion for class certification on February 22, 2011 and in view of this Court's Order that Defendant Dazzo's dispositive motion will be heard by the Court before the Court rules on Plaintiffs' motion for class certification.

IT IS SO ORDERED.  S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 2, 2011

2

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 2, 2011.

                                          S/Denise Goodine
                                          Case Manager